**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-02653-CMA

CITADEL CROSSING ASSOCIATES, LP, a Delaware limited partnership, and
NESBITT DENVER PROPERTY, LLC, a Colorado limited liability company,

    Plaintiffs,

v.

CENTIMARK CORPORATION, a Pennsylvania corporation,

    Defendant.

## ORDER REMANDING CASE TO STATE COURT

This matter is before the Court *sua sponte* on the Notice of Removal (Doc. #1), filed by Defendant CentiMark Corporation. For the following reasons, the Court finds that Defendant has not established subject matter jurisdiction. As such, the Court REMANDS the case to the District Court, County of El Paso, Colorado, for further proceedings.

### I. BACKGROUND

Plaintiffs, Citadel Crossing Associates, LP ("Citadel") and Windsor Capital Group, Inc. ("Windsor") filed a Complaint in Colorado State court on February 11, 2011. (Doc. # 2.) The Amended Complaint, filed on September 23, 2011, was identical to the original complaint except that it substituted Plaintiff Nesbitt Denver Property, LLC ("Nesbitt") for Windsor. (Doc. # 3.) Defendant filed its Notice of Removal on October 11, 2011, asserting diversity jurisdiction under 28 U.S.C. § 1332. (Doc. # 1.)

## II. **LEGAL STANDARD**

In every case and at every stage of a proceeding, a federal court must "satisfy itself of its own jurisdiction," even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & Ctny. of Denver*, 628 F.2d 1289, 1301 (10th Cir. 1980); *see also* 28 U.S.C. § 1447(c) (court may *sua sponte* remand an action where "it appears that the district court lacks subject matter jurisdiction").

A defendant may remove a state civil action "to the district court of the United States for the district and division embracing the place where such action is pending" when the federal district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). District courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . of different States . . . ." 28 U.S.C. § 1332(a).

The party invoking federal jurisdiction bears the burden of proving that such jurisdiction exists. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). Thus, when a defendant removes a case from state court asserting the existence of diversity jurisdiction, the removing defendant must establish that the jurisdictional requirements of 28 U.S.C. § 1332 have been met. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). A removing defendant must prove jurisdictional facts by a "preponderance of the evidence" that the amount in controversy may exceed $75,000. *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). Although proof that the amount in controversy requirement has been satisfied may arise in several ways, *see,*

e.g., id. at 954, conclusory assertions or outright speculations do not suffice. See Tafoya v. Am. Family Mut. Ins. Co., No. 08-cv-01656, 2009 WL 211661, at *2 (D. Colo. Jan. 28, 2009) (unpublished). Removal statutes are construed strictly, and any doubts about the correctness of removal are resolved in favor of remand. Fajen v. Found. Reserve Ins. Co., Inc., 683 F.2d 331, 333 (10th Cir. 1982). "Moreover, there is a presumption against removal jurisdiction." Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995).

### III. DISCUSSION

#### A. AMOUNT IN CONTROVERSY REQUIREMENT

"Where a plaintiff has not instituted suit in federal court, '[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court . . . .'" Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d 1072, 1079 (10th Cir. 1999) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 290 (1938). "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." Laughlin, 50 F.3d at 873. When a plaintiff's alleged damages are not specified in the complaint, as in this case, a removing defendant must establish by a preponderance of the evidence the jurisdictional amount. See Martin, 251 F.3d at 1290.

In the Notice of Removal, Defendant asserts that the amount in controversy exceeds $75,000. (Doc. # 1, ¶ 24.) In support of this assertion, Defendant states that

the "Amended complaint seeks damages for a breach of contract, failure to perform in a workman-like manner, a breach of express/implied warranties, and negligence, and Plaintiffs have indicated that their claimed damages exceed $100,000." (*Id.*) However, Defendant has provided no evidence whatsoever to support the assertion that the claimed damages exceed $100,000, such as interrogatories obtained in state court before removal was filed, proposed settlement offers, or affidavits. *See McPhail*, 529 F.3d at 954 (listing ways by which a removing party may prove jurisdictional amount); see also Tafoya, 2009 WL 211661, at *2 (stating that conclusory assertions or outright speculation as to the amount in controversy will not suffice). The only evidence that the amount in controversy exceeds $75,000 is the Civil Cover Sheet. (Doc. # 1-3.) However, it is firmly established in this district that a civil cover sheet is not sufficient evidence to satisfy the amount in controversy requirement. *See Baker v. Sears Holdings Corp.*, 557 F. Supp. 2d 1208, 1214 (D. Colo. 2007); *E & M Properties, LLC v. Multi-Chem Group, LLC*, No. 08-cv-02629, 2008 WL 5263731, at *1 (D. Colo. Dec. 9, 2008). Thus, the Court finds that Defendant has failed to demonstrate by a preponderance of the evidence that the amount in controversy requirement is satisfied.

**B.     DIVERSITY OF CITIZENSHIP**

The Court also finds that Defendant has failed to establish that the parties are completely diverse. Section § 1332(a) requires "complete diversity," *i.e.*, no plaintiff may be a citizen of a state of which any defendant is also a citizen. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978). Furthermore, diversity must

be affirmatively established on the face of the complaint and/or in the notice of removal. *See Laughlin*, 50 F.3d at 873.

For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The principal place of business is "the place where a corporation's officers direct, control and coordinate the corporation's activities," which is commonly referred to as a corporation's "nerve center." *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010). This so-called "nerve center" is normally "the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination . . . ." *Id.*

Here, Defendant asserts that "CentiMark is a foreign corporation organized under the laws of Pennsylvania. The center of its overall direction, control, and coordination is at its principal place of business at 12 Grandview Circle, Canonsburg, PA 15317." (Doc. # 1 at 4.) Thus, Defendant has adequately shown that it is a citizen of Pennsylvania as it states the corporation's place of incorporation and principal place of business. *See Walker v. Am. Standard Ins. Co. of Wis.*, No. 11-cv-00927, 2011 WL 3439404, at *4 (D. Colo. Aug. 5, 2011). However, Defendant has not affirmatively established the citizenship of either Plaintiff.

In the Notice of Removal, Defendant appears to rely on the same standard of citizenship as that for a corporation. Thus, Defendant asserts that Citadel is a citizen of Delaware "as it was organized in Delaware" and a citizen of Colorado "as Colorado is

the nerve center of Citadel's operations." (Doc. # 1, ¶¶ 17-18.)  Similarly, Defendant asserts that Nesbitt is a citizen of Colorado "as it was organized in Colorado" and "Colorado is the never center of Nesbitt's operations." (*Id.,* ¶¶ 19-20.)  These assertions track the language of § 1332(c)(1), by which a court determines a corporation's citizenship for purposes of diversity.   However, the place of incorporation and the "nerve center" are not relevant considerations to determine the citizenship of a LLC or a partnership.  *See U.S. Advisor, LLC v. Berkshire Prop. Advisors*, No. 09-cv-00697, 2009 WL 2055206, at *2 (D. Colo. July 10, 2009) (unpublished).   Although neither the Supreme Court nor the Tenth Circuit have spoken specifically on the issue of citizenship of LLCs or a partnership, "the broad consensus throughout the circuits is that an LLC, much like a partnership, is deemed to be a citizen of all of the states of which its members are citizens."  *Id.* (listing cases).  Thus, in order to ascertain whether Plaintiffs Citadel and Nesbitt are actually diverse from Defendant, this Court "need[s] to know each member's citizenship, and if necessary each member's members' citizenships." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006); *see also SREI-Miami, LLC v. Thomas*, No. 08-cv-00730, 2008 WL 1944322, at *1 (D. Colo. May 2, 2008) (unpublished).

Here, Defendant has merely stated that Citadel and Nesbitt are citizens of Delaware and Colorado.  However, Defendant has not stated that Citadel is the sole partner of Citadel, LP, or that Nesbitt is the sole member of Nesbitt, LLC.  *See Observatory Place LLC v. Interstate Fire & Cas.*, No. 10-cv-02423, 2010 WL 4942534,

at *1 (D. Colo. Nov. 23, 2010) (unpublished). Therefore, Defendant has not accounted for the entirety of Citadel's partnership or Nesbitt's LLC. The Court "cannot proceed under diversity jurisdiction without fully accounting for the citizenship of all the parties." *Id*. at *2.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Defendant has failed to establish either the amount in controversy or complete diversity of the parties. Thus, the Court lacks subject matter jurisdiction over this action. Accordingly, it is ORDERED that this case be REMANDED to the Colorado District Court, County of El Paso, Colorado, for further proceedings.

DATED: October  27 , 2011

BY THE COURT:

*Christine M Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge